# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

GREGORY DAVIS                                                          PETITIONER

VERSUS                                        CIVIL ACTION NO.  3:08CV256 WHB-LRA

MARGARET BINGHAM                                                     RESPONDENT

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court on the [7] Motion to Dismiss filed by Margaret Bingham [hereinafter Respondent], and the [10] Motion for Expansion of the Record filed by Gregory Davis [hereinafter Petitioner].  Respondent moves this Court, pursuant to 28 U.S.C. § 2244(d),  to dismiss the Petition for Writ of Habeas Corpus of Gregory Davis [hereinafter Petitioner] which was filed in this Court on April 21, 2008.  Respondent argues the petition was not timely filed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and should not be considered on its merits.   Having carefully considered all briefing on the matter and all the applicable law, the Undersigned hereby recommends as follows:

## FACTS AND PROCEDURAL HISTORY

Petitioner Gregory Davis was convicted of capital murder on January 21, 1988, and sentenced to death.  The Mississippi Supreme Court vacated his death sentence and remanded the case to the Hinds County Circuit Court for a new hearing.  **Davis v.  State**, 655 So.  2d 864 (Miss.  1995) *reh'g denied* June 22, 1995. On October 19, 1998, he was re-sentenced in the Hinds County Circuit Court to serve life in the custody of the Mississippi Department of Corrections.  (Exhibit

C to Respondent's Motion to Dismiss.) [1]  No appeal of the **new** sentence is reflected in the records of the Mississippi Supreme Court or the Hinds County Circuit Court. Petitioner Davis  filed a Motion for Post-Conviction Relief (PCR)  in the Hinds County Circuit Court on October 15, 1999, which was denied by the lower court on November 21, 2000. (See Exhibit D and Exhibit E).  The Mississippi Supreme Court records do not indicate that Davis appealed the lower's court's dismissal of his PCR.

On April 16, 2008, Davis signed his federal [1] Petition for Writ of Habeas Corpus, and it was received and stamped "filed" by this Clerk of Court on April 21, 2008.[2]  As grounds for relief, Davis contends that the lower court's admission of his confession into evidence was error; that he was "denied equal protection by the use of peremptory challenges by the state"; that the admission of certain photographs into evidence was a denial of his right to due process and a fair trial; that the guilty verdict was against the overwhelming weight of the evidence; that he was denied the right to testify; that counsel failed to investigate and present mitigating evidence; that there was a conflict of interest; that counsel failed to request a competency hearing; that counsel failed to object to prosecutorial misconduct; that appellate counsel was ineffective; that the "execution of Petitioner, who has the mental compactly of a thirteen (13) year old, is unconstitutional"; that the state

---

[1] Unless otherwise noted, all Exhibits are those exhibits referred to in the Respondents' Motion to Dismiss.

[2] Under the mailbox rule, a *pro se* federal habeas petition is deemed filed on the date that it is delivered to prison officials for mailing to the district court.  **Coleman v. Johnson**, 184 F.  3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.  3d 1259 (5th Cir. 1999), *cert.  denied*, 529 U.S. 1057, 120 S.  Ct.  1564, 146 L.  Ed.  2d 467 (2000) (*citing* **Spotville v. Cain**, 149 F.  3d.  374, 376-378 (5th Cir.  1998).

court appellate judge failed to recuse himself; that there was no "proportionality review;" that the state's use of peremptory challenges was discriminatory; that the jury selection process violated his constitutional rights; that there was no jury voir dire during trial; that jury instructions were not transcribed; that the admission of gruesome photographs was error; that religion was erroneously injected at trial; and, that the cumulative effect of the above errors deprived Petitioner of a fair trial. (See Petition for Writ of Habeas Corpus).

## APPLICABLE LAW

This case is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], including the statute of limitations contained in 28 U.S.C. § 2244(d). Under § 2244(d), a petitioner must file his federal habeas relief petition challenging the state court conviction within one (1) year from the date his conviction "becomes final." 28 U.S.C. § 2244(d) provides as follows:

(d)(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

(A)    the date on which the judgement became final by the conclusion of direct review of the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1) and (2).

Thus, unless the narrow exceptions of §2244 (d)(1) (B-D) apply, a federal habeas petition must be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  See **Cantu-Tzin v.  Johnson**, 162 F.  3d 295 (5th Cir.  1998), cert denied, 119 S.Ct. 847  (1999); **Sonnier v.  Johnson**, 161 F.  3d 941, 944 (5th Cir.  1998); **Flanagan v.  Johnson**, 154 F.  3d 196, n.1. (5th Cir.  1998); see also **Hoggro v.  Boone**, 160 F. 3d 1223, 1226 (10th Cir.  1998) (§ 2244 (d)(2) requires federal courts to toll the time spent in state court post-conviction litigation.)

## I.  RESPONDENT'S ARGUMENT

Rule 4 of the Mississippi Rules of Appellate Procedure requires that the notice of appeal be filed within thirty (30) days of the date of entry of the judgment or order appealed from. As stated, Petitioner was re-sentenced on **October 19, 1998**, to life in prison and failed to seek appellate review.  Respondent argues, therefore, that Davis's judgment became final on November 18, 1998, thirty (30) days after he was re-sentenced for capital murder.  Thus, Respondent submits, to toll the one-year statute of limitations period prescribed in 28 U.S.C. § 2244(d), Petitioner

4

Davis was required to file an application for post-conviction relief within one year, or on before November 18, 1999. Because the motion for post-conviction relief was filed within the one-year limitations period, on October 15, 1999, the statute of limitations for his habeas petition was tolled for the pendency of his motion for post-conviction relief, until it was dismissed on **November 21, 2000.**

Respondent therefore concludes that the AEDPA statute of limitations was tolled under § 2244 (d)(2) for a total of 404 days. (October 15, 1999 - November 21, 2000). Davis's habeas petition was therefore due on **December 26, 2000 (one year from November 18, 1998 [November 18, 1999] plus 404 days).** Because the docket reflects, however, that the habeas petition is signed April 16, 2008, and was not received by this Court until April 21, 2008, [3] Respondent submits the petition was filed 2, 668 to 2, 2673, days beyond the AEDPA one-year limitations period.

## II. RESPONSE OF PETITIONER

In response to the motion to dismiss, Petitioner's only apparent reference to the timeliness of his petition is the following statement in response to question number 18 in his habeas petition:

> 18. Timeliness of Petition: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

---

[3] Under the mailbox rule, a *pro se* federal habeas petition is deemed filed on the date that it is delivered to prison officials for mailing to the district court. **Coleman v. Johnson**, 184 F. 3d 398, 401, *reh'g and reh'g en banc denied,* 196 F. 3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L. Ed. 2d 467 (2000) (*citing* **Spotville v. Cain**, 149 F. 3d. 374, 376-378 (5th Cir. 1998).

> I believe that I am being held in violation of the laws and constitution of the United States of America; and, that my claims may be heard under 28 U.S.C. § 2253[c]. In a request for a certificate of appealibility in the district court within the 2254 proceedings and appeal process 2244 (d)(1)(D).

See [1] Petition for Writ of Habeas Corpus. To the extent the above statement is intended as a request for equitable tolling, the Undersigned finds it should be rejected as it cites no "rare and exceptional" circumstance to warrant equitable tolling. Equitable tolling is permitted only "in rare and exceptional circumstances." See **Scott v. Johnson**, 227 F.3d 260, 263 (5th Cir. 2000).

### III. Findings and Conclusions

The Undersigned, having considered the motion, the record, and the applicable law, finds Respondent's calculation comports with the applicable law stated herein and the motion should be granted for the reasons below. Petitioner's judgment became final on November 18, 1998, thirty (30) days after he was re-sentenced for capital murder. The deadline for filing the subject habeas petition was thirty-five (35) days after the November 21, 2000, PCR ruling became final. His habeas petition was not received by this Court, however, until April 21, 2008. For these reasons, it is the Undersigned's opinion that Petitioner's federal habeas petition is untimely and therefore barred under 28 U.S.C. §2244(d).

It is therefore the recommendation of the Undersigned United States Magistrate Judge that Respondent's [7] Motion to Dismiss be **granted,** and that the Petition for Writ of Habeas Corpus be dismissed with prejudice due to his failure to comply with the one year statute of limitations contained in 28 U.S.C. §2244(d).

It is further recommended that Petitioner's [10] Motion for Expansion of the Record to include the transcripts of the original capital murder trial should be denied as moot.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, **Douglass v. United Services Auto. Ass'n.**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 29th day of January, 2009.

                                        S/Linda R. Anderson
                                UNITED STATES MAGISTRATE JUDGE