IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


**GREGORY DAVIS, #46640**                                              **PETITIONER**

**VS.**                                        **CIVIL ACTION NO. 3:08-cv-256-WHB-LRA**

**MARGARET BINGHAM**                                                    **RESPONDENT**


## OPINION AND ORDER

This cause is before the Court on the Objection of Petitioner Gregory Davis ("Davis") to the Report and Recommendation entered by United States Magistrate Judge Linda R. Anderson on January 29, 2009. As Davis is proceeding in this case *pro se*, the allegations in his Objection have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). Having considered the Objection,[1] the Court finds it is not well taken and should be denied.

On January 21, 1988, Davis was convicted of capital murder and was sentenced to death. The conviction and sentence were affirmed on appeal to the Mississippi Supreme Court, see Davis v. Mississippi, 551 So. 2d 165 (Miss. 1989), reh'g denied July 26, 1989, and the United States Supreme Court denied Davis's Petition for Writ of Certiorari on April 2, 1990. See Davis v. Mississippi, 494 U.S. 1074 (1990), reh'g denied May 21, 1990. On a motion

---

[1] On March 24, 2009, Respondent informed the Court that she would not be filing a response to Davis's Objection.

seeking post-conviction relief, the Mississippi Supreme Court vacated Davis's death sentence on March 16, 1995. See Davis v. State, 655 So. 2d 864 (Miss. 1995), reh'g denied June 22, 1995. Thereafter, Davis's criminal case was remanded to the state circuit court for additional proceedings, and he was subsequently sentenced to life imprisonment without the possibility of parole on October 19, 1998. Davis did not appeal his life sentence.

On or about April 16, 2008, Davis submitted to this Court a Petition for Habeas Corpus relief pursuant to 28 U.S.C. § 2254, which was received and filed by the Clerk of Court on April 21, 2008. On July 1, 2008, Respondent filed a motion seeking dismissal of the Petition on the basis that is was untimely. After briefing was completed, United States Magistrate Judge Linda R. Anderson entered a Report and Recommendation ("R and R") on January 29, 2009, recommending that the Petition be dismissed as untimely. In the R and R, Judge Anderson found that to be timely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2244(d), Davis was required to file his Petition for federal habeas relief on or before December 26, 2000. See R and R, at 4, 6. Judge Anderson concluded that because Davis's Petition was not filed in this Court until on or about April 16, 2008, it was untimely. Id. at 6. Judge Anderson also concluded that the applicable one-year limitations period was not extended either (1)

by one or more of the exceptions enumerated in 28 U.S.C. § 2244(d), or (2) by the doctrine of equitable tolling.

A district judge has authority to review a magistrate judge's R and R regarding prisoner petitions, and is required to make a *de novo* determination of any portion of a R and R to which a specific written objection has been made. See 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). Thereafter, the district judge may accept, reject, or modify the recommendation of the magistrate; receive further evidence in the case; or recommit the matter to the magistrate with further instructions. Id.

In his Objection, Davis argues that his Section 2254 Petition should not be dismissed as time-barred because a state-created impediment tolled the applicable statute of limitations. Specifically, Davis argues that a state-created impediment for the purposes of 28 U.S.C. § 2244(d)(1)(B) existed because he was denied adequate and meaningful legal assistance by prison officials. For example, Davis argues (1) the prison did not contain a hardback law library; (2) employees of the Inmate Legal Assistance Program ("ILAP"), while they would supply him with case law, paper, and pencils, were not authorized to assist him in drafting or preparing post-trial motions or federal habeas petitions; and (3) he did not know which cases to order through the ILAP because he is untrained in the law.

The United States Court of Appeals for the Fifth Circuit has found that the absence of a copy of the AEDPA in a prison law library coupled with "the state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement" may result in a state created impediment for the purpose of tolling the statute of limitations set forth in 28 U.S.C. § 2244(d). See Egerton v. Cockrell, 334 F.3d 433, 438-39 (5th Cir. 2003). "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action, (3) in violation of the Constitution or federal law." Id. at 436.

In this case, the Court finds that Davis's allegation that he was prevented from timely filing a petition for habeas corpus relief is not supported by the record. Specifically, the record shows that Davis was well aware of his right to seek habeas corpus relief in federal court. See e.g. Resp. to Mot. to Dismiss [Docket No. 9] at 2 (Davis Aff.)(averring that he had previously filed a habeas corpus petition in federal court that was dismissed on the grounds that he had not yet exhausted his administrative remedies). Additionally, although Davis argues that the prison did not contain a hardback library and that ILAP employees were not authorized to assist in drafting or preparing federal habeas petitions, the Court finds that there has been no showing that the State of Mississippi failed to provide Davis with the materials necessary to challenge

his conviction. Davis concedes that he was provided paper and pencils, that he had access to the ILAP and could request case law and other legal documents (which would include a copy of the AEDPA) through that system, and that ILAP employees, although they could not assist him in drafting or preparing his petition seeking habeas relief, responded to his questions and document requests.

The Court finds that Davis was aware of the AEDPA based on his previous effort to obtain relief under that statute. Davis has not provided any evidence that he was unaware of the AEDPA during the time he was incarcerated, that he was denied access to a copy of this Act, or that he was at any time denied legal assistance through the ILAP. Accordingly, the Court finds that Davis has failed to show that a state-created impediment tolled the applicable statute of limitations under the AEDPA and, therefore, that his Petition under 28 U.S.C. § 2254 should be dismissed as time barred.[2]

In his objection, Davis also argues that Judge Anderson erred by considering his Section 2254 Petition before first ruling on his

---

[2] Davis also objects to the R & R on the grounds that Judge Anderson did not permit discovery on the issue of whether a state-created impediment existed. The record shows, however, that Davis did not request any discovery in this case prior to the date on which the R & R was entered. Additionally, as the Court finds there does not exist a factual dispute as to whether Davis was aware of the AEDPA or whether he had access to the ILAP, his request for discovery on these issues would be denied. See Clark v. Johnson, 202 F.3d 760, 767 (5th Cir. 2000)(finding that discovery in 2254 cases "must relate solely to a specifically alleged factual dispute, not to a general allegation.").

5

Motion for an Expansion of the Record, through which he requested leave to expand the record in this case to include the trial transcripts of his underlying capital murder trial.  The Court finds that because inclusion of the state court trial transcripts would not be relevant to the issue of whether Davis's Section 2254 Petition was timely filed, Judge Anderson did not err by considering the Respondent's Motion to Dismiss before considering Davis's Motion for an Expansion of the Record.  The Court additionally finds, as it has previously concluded that Davis's Section 2254 Petition was untimely, that his Motion for an Expansion of the Record should be denied.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Docket No. 11] is hereby accepted and adopted.

IT IS FURTHER ORDERED that Petitioner's Objection [Docket No. 17] is hereby denied.

IT IS FURTHER ORDERED that Petitioner's Motion for an Expansion of the Record [Docket No. 10] is hereby denied.

IT IS FURTHER ORDERED that Respondents' Motion to Dismiss [Docket No. 7] is hereby granted.  A Final Judgment dismissing Davis's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 with prejudice shall be entered this day.

SO ORDERED this the 26th day of March, 2009.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE